1  DONNA M. MEZIAS (SBN 111902)
   LIZ K. BERTKO (SBN 268128)
2  AKIN GUMP STRAUSS HAUER & FELD LLP
   580 California Street, Suite 1500
3  San Francisco, CA  94104
   Telephone:    415-765-9500
4  Facsimile:    415-765-9501
   dmezias@akingump.com
5  lbertko@akingump.com

6  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
7

8

9              UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 TERRIA HARRIS, on behalf of       Case No.
   herself, and all others similarly
13 situated,
                                     **DEFENDANT'S NOTICE OF**
14            Plaintiffs,            **REMOVAL OF ACTION**
                                     **PURSUANT TO 28 U.S.C.**
15       v.                          **§§ 1332(D)(2), 1441, 1446, 1453**

16 HOME DEPOT U.S.A., INC., a        [Supporting Declarations of Donna M.
   Delaware corporation; and DOES 1  Mezias and Camille May, Civil Cover
17 through 50, inclusive,            Sheet and Certification of Interested
                                     Entities or Persons filed concurrently]
18            Defendants.
                                     (ALAMEDA COUNTY SUPERIOR
19                                   COURT CASE NO. RG14737071)

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support thereof, Home Depot states as follows:

1.  On August 15, 2014, the above referenced putative class action was filed and is currently pending against Home Depot in the Superior Court of California, County of Alameda, Case No. RG14737071. On August 18, 2014, Home Depot was served with the complaint. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders filed and/or served in the Superior Court action are attached to the Declaration of Donna M. Mezias ("Mezias Decl."), filed concurrently in support of this Notice of Removal, as exhibits A-D.

2.  Plaintiff alleges that Home Depot violated California Labor Code sections 201-203 by willfully failing to pay her final wages in a timely manner following the termination of her employment with Home Depot. Complaint at ¶¶ 9, 23-29.

3.  Plaintiff seeks to represent a class of all hourly employees who separated from their employment with Home Depot since August 15, 2011. Complaint at ¶¶ 11, 13. Plaintiff alleges that defendant's "policies and practices were company wide and affected all members of the Plaintiff Class." *Id*. at ¶ 10. Plaintiff alleges that, at all relevant times, defendants have failed to timely pay all class members all of their final wages in accordance with Labor Code Sections 201 and 202. *Id*. at ¶ 27.

4.  Plaintiff seeks to recover "waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days," unpaid wages, actual damages, interest, attorneys' fees, and costs. Complaint at ¶ 30, Prayer for Relief.

5.  <u>Timeliness</u>.  Plaintiff filed her complaint in the instant action on August 15, 2014. Home Depot was served with a copy of the complaint on August 18, 2014.

Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of service of the complaint.  *See* 28 U.S.C. § 1446(b) (2013).

6.     <u>Jurisdiction</u>.  The above-described action is a civil action for which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction …."  28 U.S.C. § 1441(a) (2013).

7.     Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest).  28 U.S.C. §§ 1332(d)(2), (d)(6) and d(11)(B)(i) (2013).

8.     <u>Class Size</u>.  Plaintiff seeks to represent a class of "all [h]ourly [employees] who separated from their employment with Defendants" since August 15, 2011. Complaint at ¶ 13.

9.     In the complaint, plaintiff alleges that "[w]hile Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law." Complaint at ¶ 15.  Under CAFA, where a complaint fails to specify class size, courts apply the preponderance of the evidence standard to determine whether CAFA's 100-person requirement has been met.  *Coit v. Fid. Assurance Assocs., LLC*, No. C 08-02585 JSW, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008).  Here, the preponderance of the evidence establishes that the 100-person CAFA threshold is easily satisfied.

10.    Over 40,000 hourly employees separated from their employment with Home Depot in California between August 15, 2011, the beginning of the limitations period defined in the Complaint, and August 17, 2014, 30 days prior to the filing of this

notice of removal.[1] Declaration of Camille May, filed concurrently herewith ("May Decl.") at ¶ 4; Complaint at ¶ 13. Thus, the size of the putative class far exceeds 100 individuals as required by CAFA.

11. <u>Diversity of Citizenship</u>. At all relevant times, there has been minimal diversity of citizenship between the parties to the action.

12. Plaintiff fails to allege her place of residence, but claims that she worked for Home Depot as a cashier from approximately March 2011 to August 27, 2013. Complaint at ¶ 5. Home Depot's records indicate that plaintiff worked as a cashier at the Home Depot store in Baldwin Park, California, from approximately March 2011 to August 27, 2013. May Decl. at ¶ 3. Home Depot's records further indicate that plaintiff resided in Baldwin Park, California at the time of her termination in August 2013. *Id.* Thus, on information and belief, plaintiff is a citizen of California.

13. Home Depot is not a citizen of California. "[A] corporation shall be deemed to be a citizen of [any] State…by which it has been incorporated and of the State…where it has its principal place of business…." 28 U.S.C. § 1332(c)(1) (2013). Home Depot is not incorporated in California. Home Depot is a corporation organized and incorporated under the laws of Delaware. Complaint at ¶ 6; May Decl. at ¶ 2. Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Home Depot's principal place of business is Atlanta, Georgia. *See Ottaviano v. Home Depot U.S.A., Inc.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v.*

---

[1] Home Depot does not agree or concede that the class proposed by plaintiff in paragraph 13 of the Complaint is proper, nor that plaintiff's claims are amenable to class treatment. Rather, Home Depot provides this data based on the defined proposed class for the purposes only of determining the potential class size and amount in controversy for purposes of removal.

3

DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, 1453

*Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (same); May Decl. at ¶ 2. Accordingly, plaintiff and defendant are citizens of different states, which satisfies the minimal diversity requirement of CAFA. 28 U.S.C. § 1332(d)(2)(A) (class action is removable where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

14. <u>Amount in Controversy</u>. This action meets CAFA's amount in controversy requirement because the preponderance of the evidence demonstrates that more than $5,000,000 is in controversy. "A defendant seeking removal of a putative class action [under CAFA] must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum [of $5,000,000]." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Plaintiff alleges that "the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005." Complaint at ¶ 3. However, under recent Supreme Court and Ninth Circuit precedent, an allegation in the complaint that damages are less than the removal threshold does not alter the preponderance of the evidence standard. *See Standard Fire Ins. Co. v. Knowles*, — U.S. —, 133 S. Ct. 1345, 1348-50 (2013); *Rodriguez*, 728 F.3d at 978, 981-82.

15. Home Depot denies that plaintiff's class claims have any merit or value, but it avers that if plaintiff were to succeed on her claims, the relief plaintiff seeks on behalf of the class exceeds $5,000,000, and therefore the amount in controversy exceeds the jurisdictional threshold for CAFA. *See Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (the court assumes a verdict for plaintiff on all claims for the purposes of calculating the amount in controversy for removal).

16. Plaintiff alleges that Home Depot violated sections 201-203 of the California Labor Code by failing to pay former employees for all earned wages upon termination and seeks waiting time penalties under Labor Code Section 203. Complaint at ¶¶ 22-30, Prayer for Relief. Section 203 provides that if an employer willfully fails to

4

pay any amount of wages owed at termination, the employee's daily wages shall continue as a penalty from the due date until the wages are paid, not to exceed 30 days. *See* Cal. Lab. Code § 203; *see also Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) ("The so-called 'waiting time penalty' is equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days") (internal citations omitted).

17. As noted above, there are over 40,000 former employees in the proposed class whose employment terminated between August 15, 2011 and August 17, 2014. May Decl. at ¶ 4. Plaintiff seeks up to 30 days of waiting time penalties for each of these class members and alleges that Home Depot's "policies and practices" of failing to pay final wages in a timely manner "affected all members of the Plaintiff Class." Complaint at ¶¶ 10, 27, 30.

18. The average hourly rate at termination for the more than 40,000 separated employees during the period was approximately $10.78. May Decl. at ¶ 5. The average daily hours worked by hourly employees in Home Depot's California retail stores from April 1, 2014 to July 1, 2014, is approximately 7.09 hours per day. *Id*. at ¶ 6. Therefore, the average daily wages for hourly employees in California is approximately $76.43 (7.09 x $10.78). Based on this data, just two days of waiting time penalties for each class member would equal $6,114,400 (40,000 x $76.43 x 2). As plaintiff seeks up to 30 days of penalties for each putative class member, the $5,000,000 CAFA amount in controversy requirement is easily met here.

19. Accordingly, there is more than sufficient evidence to establish that the amount in controversy exceeds $5,000,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007) (affirming district court's denial of motion to remand decided under preponderance of the evidence standard); *Bell v. Home Depot U.S.A., Inc.*, No. 2:12-cv-02499-GEB-CKD, 2014 WL 2548706, at *3-4 (E.D. Cal. June 5, 2014) (amount in controversy on Labor Code Section 203 claim satisfied).

20. <u>Venue</u>.  The United States District Court for the Northern District of California is the judicial district embracing the place where the above-referenced action was filed by plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).  28 U.S.C. § 1441(a).

WHEREFORE, defendant requests that the above action now pending in the Superior Court of California, County of Alameda, be removed therefrom to this Court.  In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated:  September 17, 2014      AKIN GUMP STRAUSS HAUER & FELD LLP

By      */s/ Donna M. Mezias*
                    Donna M. Mezias
                    Attorney for Defendant
                    HOME DEPOT U.S.A., INC.

DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441, 1446, 1453